An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

NICOLE BOATNER,
Appellant,
vs.
DANIEL BOATNER,
Respondent.

No. 65565

**FILED**

JUL 2 3 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order terminating appellant's parental rights as to the parties' two minor children. First Judicial District Court, Carson City; James E. Wilson, Judge.

The parties divorced in 2006 after having two children together. Less than a year after the divorce, while the children were toddlers, appellant stopped exercising her visitation, and ceased communicating with respondent and the children. During this time she used drugs and suffered severe depression, but subsequently re-married, had three children, and stopped using drugs. In 2011, appellant sought to reestablish her visitation rights. Respondent soon after filed a petition to terminate appellant's parental rights as to the parties' two children, which the court granted.

"[T]his court closely scrutinizes whether the district court properly preserved or terminated the parental rights at issue." *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 795, 8 P.3d 126, 129 (2000). To terminate parental rights a petitioner must show by clear and convincing evidence that (1) parental fault exists, and (2) termination is in the child's best interest. NRS 128.090(2); NRS 128.105. This court

SUPREME COURT
OF
NEVADA

(O) 1947A

15-22412

reviews the district court's findings of fact for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

Substantial evidence supports the district court's findings of parental fault. Both parties agree that appellant had not seen the children since 2008, had not made an effort to keep in touch with respondent or the children between 2008 and 2011, and had paid no child support except for an IRS tax return intercept. This undisputed evidence supports the district court's findings that appellant abandoned the children, made only token efforts to communicate with the children, and made no effort to support the children, and thus, that parental fault grounds existed under NRS 128.105(2)(a) and (f)(1). *See* NRS 128.012 (defining abandonment of a child for parental fault purposes).

Substantial evidence also supports the district court's finding that terminating appellant's rights would serve the children's best interest. *See* NRS 128.105(1). The district court concluded that terminating appellant's rights would promote stability in the children's lives, strengthen their family unit, and best serve the continuing needs of the children for mental and emotional growth and development. Respondent testified that the children do not know appellant, and that reintroducing her to them would be psychologically damaging and cause negative behavior in the children. He explained that the older child had a pervasive developmental disorder which would cause irreparable damage if appellant came back into his life and left again. Respondent testified that based on appellant's past behavior he was concerned that if appellant's rights were not terminated she would exercise visitation for a short period of time and then disappear, which would cause behavioral

problems and psychological damage to both children. Appellant's past depression and drug use, inability to follow through with a court-ordered psychological evaluation, and three-year delay in seeking to reunite with the children even after becoming clean, lends credence to these concerns. Appellant sought to rebut respondent's testimony, testifying that she was seeking treatment for her depression and would be a stable figure in the children's lives. This court, however, will not reweigh on appeal the credibility of witnesses. *Castle v. Simmons*, 120 Nev. 98, 103, 86 P.3d 1042, 1046 (2004) (providing that the duty of weighing witness credibility "rests within the trier of fact's sound discretion"). Taken in sum, the record provides substantial evidence supporting the district court's finding that the children's best interest would be served by terminating appellant's parental rights.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:   Hon. James E. Wilson, District Judge
      Robert B. Walker
      Robert A. Grayson
      Carson City Clerk